UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT L. DUNN, SR.,

                Plaintiff,

v.                                           9:17-CV-0097
                                                  (DNH/DEP)

INVESTIGATOR TODD, NYS DOCCS
Office of Special Investigations, PLTS.
BRYANT, Civilian Hearing Officer, C.O.
DOBBINS, Correction Officer, Mid-State
Correctional Facility, and DWIGHT
LESTER, Inmate,

                Defendants.

---

APPEARANCES:

ROBERT L. DUNN, SR.
16-A-1724
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

In January 2017, pro se plaintiff Robert L. Dunn, Sr. ("Dunn" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Mid-State Correctional Facility ("Mid-State C.F."). Dkt. No. 1 ("Compl.").

In an Order filed on July 10, 2017 (the "July Order"), the sufficiency of Dunn's

1

complaint was reviewed in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 20. Based upon that review, it was determined that plaintiff's complaint failed to state a claim upon which relief could be granted and was therefore subject to dismissal. *Id*. In addition, the July Order denied plaintiff's motion (1) for the appointment of counsel, (2) for an order allowing him to communicate with a fellow inmate, and (3) for the return of his original paperwork. *Id*. at 20-23. However, in light of his pro se status, the July Order also permitted plaintiff an opportunity to submit an amended complaint. *Id*. at 24.

Currently pending is Dunn's motion for reconsideration of portions of the July 2017 Order. Dkt. No. 21.

## II. LEGAL STANDARD

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

2

## III. **DISCUSSION**

In his motion for reconsideration, Dunn asserts that he "disagrees" with the July Order's decision to dismiss his complaint and deny his motion for counsel. Dkt. No. 21 at 1. Plaintiff did not take advantage of his opportunity to file an amended complaint. Rather, he filed this motion for reconsideration seeking to reinstate all of his claims against all previously named defendants. *See* Dkt. No. 21. Plaintiff seeks reconsideration of the July Order to recognize and require a response to these claims. *See id., generally*.

Dunn has not cited to any caselaw which would mandate that the prior decision be vacated. Nor has he identified an intervening change in controlling law or articulated any clear legal error. While plaintiff disagrees with the prior order, plaintiff has not made any showing that reconsideration of the order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *U.S. v. Delvi*, S1291CR74, 2004 WL 235211, at *1-2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, plaintiff's motion for reconsideration (Dkt. No. 21) is denied.

## IV. **EXTENSION OF TIME TO SUBMIT AMENDED COMPLAINT**

In addition to the motion for reconsideration, Dunn indicates that he intends to file an amended complaint. *See* Dkt. No. 21 at 2. In light of plaintiff's pro se status, he will be

3

granted an extension of time to comply with the July Order. The Clerk of the Court is directed to provide plaintiff with a copy of his complaint, the docket report for this action, and a copy of the July Order.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration (Dkt. No. 21) is **DENIED**;

2. If plaintiff wishes to proceed with this action he must file an amended complaint on or before August 27, 2017;

3. Upon the filing of an amended complaint as directed above, the Clerk shall return the file to the Court for further review;

4. In the event plaintiff fails to file a signed, amended complaint as directed above, the Clerk shall enter judgment dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B) due to plaintiff's failure to state a claim upon which relief may be granted and to comply with the terms of this Decision and Order, without further order of this Court; and

5. The Clerk of the Court shall serve a copy of the complaint, the docket report for this action, the July Order, and this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 2, 2017
       Utica, New York.

_____
United States District Judge